**Sam A. MANGIALARDI, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 01–3935.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 16, 2002.

Decided Nov. 27, 2002.

Before BAUER, COFFEY, and WILLIAMS, Circuit Judges.

**ORDER**

Sam Mangialardi, the former deputy chief of detectives for the Chicago Heights

police department, was charged in a sixteen-count indictment for his participation in a drug selling scam with Otis Moore, the head of a drug ring in Chicago Heights. In exchange for $10,000 every month from January 1987 to February 1989, Mangialardi protected Moore from drug raids and assisted Moore in avoiding arrests for other crimes including shooting two people. Mangialardi was found guilty on all counts. After his conviction, Mangialardi entered into a presentence agreement waiving his right to appeal or seek habeas relief to challenge his conviction based on evidence discovered before signing the agreement. As a result of entering into this agreement, Mangialardi received a term of imprisonment for 125 months, instead of the 188–235 months he was facing. Mangialardi filed a habeas corpus petition challenging his conviction and requesting discovery to attempt to prove his innocence. The district court denied Mangialardi habeas relief because he failed to identify any constitutional claim that entitled him to this relief. We agree.

■ Relying on a statement in the affidavit Raymond Cooper, Moore's right-hand man, that Moore never paid Mangialardi money, he argues that the evidence at trial did not support his conviction. According to Mangialardi, discovery was warranted because Cooper's affidavit directly contradicts Moore's testimony and had the jury heard this evidence he would not have been convicted. Although Mangialardi argues that Cooper's affidavit weakens the testimony of Moore and proves that he committed perjury, this is not enough to support a constitutional violation. Mangialardi must show that the government knowingly and intelligently used this alleged perjured testimony. *Shore v. Warden*, 942 F.2d 1117, 1122 (7th Cir.1991). This he cannot do. Absent a showing of a constitutional violation, Mangialardi's ar-

guments cannot form the proper basis for habeas relief and his claims were properly dismissed. *See Herrera v. Collins*, 506 U.S. 390, 399–400, 113 S.Ct. 853, 859–860, 122 L.Ed.2d 203 (1993).

■ Mangialardi also argues that the government's untimely disclosure during trial that Moore had planned a hit to kill Mangialardi negated Mangialardi's ability to effectively cross-examine Moore. However, this alleged error is not sufficient to support a habeas claim because Mangialardi waived the right to challenge this issue when he signed the presentence agreement. In the agreement, Mangialardi specifically waived "all appellate issues that he could raise relating to the validity of his trial and conviction ... [and] further waives the right to file any ... habeas corpus petition relating to discovery of new evidence known to the defendant and/or his attorney as of the date of this agreement." Because Mangialardi knew of this alleged error before signing the presentence agreement and waived his right to challenge the government's untimely disclosure, he is precluded from seeking habeas relief.

For the foregoing reasons, we AFFIRM.